SINGER / BEA LLP
   Adam Cashman (Bar. No. 255063)
   acashman@singerbea.com
   Doug Tilley (Bar No. 289421)
   dtilley@singerbea.com
601 Montgomery Street, Suite 1950
San Francisco, California 94065
Telephone:     (415) 500-6080
Facsimile:      (415) 500-6080
*Attorneys for Intuitive Surgical, Inc.*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN COUNTY OF CALIFORNIA

| | |
|---|---|
| INTUITIVE SURGICAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ETHICON US, LLC, a Texas limited liability company,<br><br>Defendant. | CASE NO. 16-CV-4794<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT, AND FOR MONETARY AND EQUITABLE RELIEF FOR INTENTIONAL INTERFERENCE WITH EXISTING CONTRACTUAL RELATIONS AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

For its complaint against Defendant Ethicon US LLC ("Ethicon"), Plaintiff Intuitive Surgical, Inc. ("Intuitive") hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory, monetary, and equitable relief to redress and enjoin Ethicon's unlawful efforts to prevent Intuitive, a California employer, from employing California residents to render services in California to California-based clients, as authorized by California law. This suit also seeks relief stemming from Ethicon's efforts to compel Intuitive's compliance with the terms of an employment agreement between Ethicon and one of its former employees, P. Scott Szesterniak ("Mr. Szesterniak"), and to surrender corporate property located in California for Ethicon's inspection. Finally, in light of Ethicon's theory—which is invalid in California as a matter of law—that Mr. Szesterniak inevitably will disclose to Intuitive any allegedly confidential information Ethicon contends Mr. Szesterniak possesses, this suit seeks a declaration that Intuitive has not misappropriated any purported Ethicon trade secret or other confidential information.

2. If left unchecked, Ethicon's conduct will chill labor mobility and legitimate competition in California, which are among this State's core public policies and enjoy robust legal protection under statute and common law. California has a paramount interest in ensuring that these fundamental state policies are not denigrated or evaded through litigation that, while initiated in other forums, necessarily affects the ability of California employers and employees to exercise their statutory and common law rights. Similarly, Intuitive has a strong interest in ensuring that its rights to employ its workforce and maintain the secrecy and sanctity of its corporate property are not circumvented through litigation that squarely targets those rights, albeit without directly naming Intuitive as a party (or even providing notice). All of these concerns are implicated by Ethicon's conduct as set forth below.

**PARTIES**

3. Intuitive is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Sunnyvale, California. Intuitive is the global leader in the rapidly emerging field of robotic-assisted minimally invasive surgery. Since its inception,

Intuitive has provided surgeons and hospitals with the tools needed to improve clinical outcomes and to help patients return to active and productive lives as quickly and safely as possible.  Intuitive's flagship product is the *da Vinci* Surgical System, which consists of a surgeon's console, a patient-side cart with interactive robotic arms, a high-performance vision system, and proprietary *EndoWrist* Instruments.  Through the use of state-of-the-art robotic technology, the surgeon's hand movements are scaled, filtered, and translated into precise movements of the *EndoWrist* Instruments.  The *da Vinci* Surgical System is the only commercially available technology that can provide a surgeon with the control, range of motion, fine tissue manipulation capability, and 3-D visualization characteristic of open surgery, while simultaneously allowing the surgeon to work through tiny incisions typical of minimally invasive surgery.

4.     Upon information and belief, Defendant Ethicon is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business in Cincinnati, Ohio.  Upon information and belief, Ethicon's business focuses on the manufacture and sale of less advanced medical devices, such as for use in traditional open surgery and non-robotic laparoscopic procedures.

5.     Nonparty P. Scott Szesterniak is an individual formerly employed by Ethicon in California, and presently employed by Intuitive in California as a Clinical Sales Representative.  Upon information and belief, at all relevant times, including during his previous employment with Ethicon and his current employment with Intuitive, Mr. Szesterniak has resided and continues to reside in Redondo Beach, California.  Moreover, upon information and belief, at all relevant times, including during his previous employment with Ethicon and his current employment with Intuitive, Mr. Szesterniak's professional duties related principally, if not exclusively, to promoting medical equipment for sale to and use by healthcare providers in and around Los Angeles, California.

## JURISDICTION AND VENUE

6.     This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201; the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq*.; and under the statutory and common law of the State of California.

7.   This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332(a), and 2201(a).  The jurisdictional amount in controversy is satisfied because Ethicon seeks to deprive Intuitive indefinitely of the ability to employ Mr. Szesterniak.  The value of Mr. Szesterniak's services to Intuitive substantially exceeds $75,000 on an annual basis.  In addition, Ethicon seeks to take control of the computer Intuitive issued to Mr. Szesterniak at the outset of his employment, so that Ethicon may access and inspect information belonging to Intuitive, including but not limited to Intuitive's intellectual property, the value of which also substantially exceeds $75,000.  Finally, the jurisdictional minimum is independently satisfied by virtue of the sales that are likely to be lost if Mr. Szesterniak is enjoined from continuing his employment with Intuitive, the value of which significantly exceeds $75,000.

8.   This Court has personal jurisdiction over Intuitive because Intuitive maintains its principal place of business within this State and this District.

9.   This Court has personal jurisdiction over Ethicon because, upon information and belief, Ethicon employs staff in, actively sells to and/or solicits customers in, and/or otherwise regularly transacts business within this State and this District.

10.  Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), because a substantial part of the events giving rise to Intuitive's claims occurred in this District, and because Ethicon is subject to personal jurisdiction here.

**INTRADISTRICT ASSIGNMENT**

11.  For purposes of Civil L.R. 3-2(c) and 3-5(b), Intuitive respectfully submits that this action should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which give rise to Intuitive's claims occurred in Santa Clara county.

**FACTUAL ALLEGATIONS**

12.  Upon information and belief, including based on prior dealings between the parties, Ethicon has a pattern and practice of misusing its employment agreements and the judicial system to prevent Intuitive from employing former Ethicon personnel under any circumstance, in direct

violation of fundamental California public policy favoring labor mobility and conferring upon California residents and employers the right to pursue their chosen professions and businesses.

13. Upon information and belief, Ethicon requires all or virtually all of its employees to sign an "Employee Secrecy, Non-Competition and Non-Solicitation Agreement" (the "Non-Compete Agreement")—including those who live and work exclusively in jurisdictions, such as California, whose laws specifically void such efforts to restrict labor mobility and trample individuals' right to work.

14. Upon information and belief, including based on prior litigation between the parties as well as materials that Ethicon has put in the public domain, Ethicon's standard Non-Compete Agreements purport to impose a number of unfair, invalid, and unenforceable restrictive covenants. Generally speaking, these include the following:

- Prohibiting the employee from working for a competitor—broadly defined as any company which is presently engaged, or may in the future engage, in the research, development, and/or commercialization of any offering which resembles any existing or potential future offering of Ethicon or its unnamed corporate affiliates—in the same area in which the employee previously worked for Ethicon, serviced any customer of Ethicon or any of its corporate affiliates, or derived any commission or other compensation, for a period of 18 months following termination;

- Prohibiting the employee from contacting or calling on any prior customer or client of Ethicon or any of its corporate affiliates for a period of 18 months post-termination; and

- Requiring that the employee, prior to leaving his or her position at Ethicon and at any time during the 18 months post-termination, provide detailed information to Ethicon regarding the name of his or her new employer, the new position the employee will assume, the employee's anticipated responsibilities, the products or services to which the new employment relates, where and to whom the employee may promote those products, and the like.

15. Even as certain provisions of its Non-Compete Agreements recognize (as they must) that they are unenforceable as to employees who live and work in California, in order to unfairly limit Intuitive's access to the candidate pool (and in direct violation of settled California law), Ethicon regularly brings litigation against former employees who (a) lived and worked principally, if not exclusively, in California during their tenures with Ethicon, and (b) have since been hired by Intuitive to render services principally, if not exclusively, in California.

16. Ethicon employs a number of prejudicial, unethical, and underhanded tactics in furtherance of its efforts to so misuse the Courts to unlawfully chill labor mobility and thereby stifle Intuitive's legitimate efforts to compete in California. For example:

- Ethicon files suit in Ohio and other venues thousands of miles from where its former employees lived and worked in California, despite that neither Ethicon nor its former employees ever agreed to submit to litigation in such fora.

- Ethicon asserts claims under the laws of Ohio and other non-California jurisdictions, despite that its former employees never lived or worked in such jurisdictions or agreed to abide by their laws. These claims frequently include nebulous allegations of misappropriation of unspecified alleged trade secrets, based on theories, such as the inevitable disclosure doctrine, that California law specifically rejects.

- Although it typically does not name Intuitive (or other employers) as a defendant or provide notice of these proceedings, Ethicon seeks relief that directly interferes with Intuitive's commercial operations, including by demanding that these foreign courts enter foreign law injunctions prohibiting California residents from rendering services to Intuitive in California, and/or directing that the employees in question deliver to Ethicon computers, electronic devices, and other Intuitive-issued resources containing proprietary Intuitive information.

17. In other words, even as its Non-Compete Agreements concede that the restrictions set forth therein cannot operate to keep California residents from choosing to work for other California companies, Ethicon performs intricate legal gymnastics to do just that.

18. The foregoing is precisely what has happened with Mr. Szesterniak.

19. Effective on or about July 25, 2016, Intuitive hired Mr. Szesterniak as a Clinical Sales Representative to promote Intuitive's products in the greater Los Angeles area.

20. Prior to joining Intuitive, Mr. Szesterniak worked for Ethicon as a sales representative and promoted Ethicon's hernia, bariatric, and thoracic products. Upon information and belief, during the entirety of Mr. Szesterniak's tenure at Ethicon, he lived in California and called upon clients and accounts located exclusively in California.

21. During his employment with Ethicon, on or about May 4, 2016, Mr. Szesterniak executed a form Ethicon "EMPLOYEE SECRECY, INTELLECTUAL PROPERTY, NON-COMPETITION AND NON-SOLICITATION AGREEMENT." That Agreement contained the restrictive covenants and obligations summarized above.

22. During the interview and onboarding process, Intuitive admonished Mr. Szesterniak not to bring to Intuitive or use on Intuitive's behalf any trade secret, confidential, or other information or material arguably belonging to Ethicon, and to instead return all such information and material to Ethicon. Mr. Szesterniak acknowledged that he understood Intuitive's admonition, and certified his compliance with the foregoing.

23. Upon information and belief, on or about July 14, 2016, Mr. Szesterniak notified Ethicon that he would be leaving Ethicon to join Intuitive as a Clinical Sales Representative for the Los Angeles area. Upon information and belief, Mr. Szesterniak further advised Ethicon that he would not call upon any of the accounts or customers with whom he interacted on Ethicon's behalf in the 18 months preceding his separation from Ethicon.

24. Upon information and belief, Ethicon did not object or express any concerns regarding Mr. Szesterniak's stated intention. To the contrary, Ethicon thanked him for his service and wished him well.

25. On August 3, 2016—nearly three weeks after Mr. Szesterniak tendered notice to Ethicon, and without any warning or effort at out of court resolution—Ethicon filed suit against Mr. Szesterniak in the Court of Common Pleas in Hamilton County, Ohio (Case No. A1604358, the "Ohio Action").

26. Ethicon's Ohio Action asserts claims for breach of contract and misappropriation of trade secrets, and seeks injunctive and monetary relief under New Jersey and Ohio law. However, the claims alleged have little or no connection to the laws of those states, which appear to have been invoked specifically for the purpose of evading California law. For example:

- The contract at issue says nothing about an Ohio venue, and Ethicon's complaint fails to allege a single bad act that occurred in Ohio rather than California;

- Although it alleges that Mr. Szesterniak at all times lived and serviced customers exclusively in California, and that the alleged conduct in issue occurred entirely in California, Ethicon has pleaded a trade secret misappropriation claim that is based on Ohio law;

- Ethicon's misappropriation claim is based entirely on the "inevitable disclosure" doctrine that California courts have long rejected. For example, Ethicon alleges that "[i]t is inconceivable that [Mr. Szesterniak] could fulfill [any role at Intuitive] without inevitably

utilizing Ethicon's confidential and trade secret information[,]" which Ethicon goes on to speculate "would give Intuitive a significant and unfair competitive advantage in a highly competitive market."

- Despite that Ethicon declined to name Intuitive as a party, Ethicon seeks an injunction (i) "prohibiting Szesterniak from working for Intuitive Surgical, Inc., in violation of the non-competition provisions of his Employee Secrecy, Intellectual Property, Non-Competition and Non-Solicitation Agreements;" and (ii) "[r]equiring that Szesterniak submit for inspection …. any computer used by him on behalf of Intuitive[,]" among other relief.

27. Ethicon's counsel sent a copy of Ethicon's August 3, 2016 Ohio Complaint to Intuitive by Federal Express on August 8. Intuitive is unaware of whether or when Ethicon served or otherwise notified Mr. Szesterniak of the Ohio Action.

28. Ethicon's August 8 transmission letter—which Intuitive received in the afternoon on August 9—asserted vague and inaccurate claims regarding Mr. Szesterniak; threatened "expensive and protracted litigation activity[;]" and demanded that Intuitive "let [counsel] know by close of business Wednesday, August 10, 2016 whether Szesterniak and Intuitive" will agree to deliver the materials sought in the Complaint, presumably including all devices issued by Intuitive to Mr. Szesterniak.

29. Intuitive has neither requested nor received from Mr. Szesterniak any allegedly confidential or trade secret Ethicon information. In fact, as set forth above, Intuitive instructed Mr. Szesterniak to return all Ethicon information to Ethicon, to refrain from disseminating any such information to any Intuitive personnel or utilizing the same for Intuitive's benefit, and to certify compliance with the foregoing, which Mr. Szesterniak did.

30. In addition, Intuitive has taken extensive measures to ensure that any information or materials arguably belonging to Ethicon were removed from Mr. Szesterniak's possession and sequestered or destroyed, so that there would be no chance that such information could even inadvertently reach Intuitive. For example, upon receipt of Ethicon's August 8 letter, Intuitive retained outside counsel to take possession of all devices issued by Intuitive to Mr. Szesterniak as well as Mr. Szesterniak's personal email accounts, Google Drive account, smartphone, laptop computer, and other devices potentially implicated by Ethicon's nebulous claims; create forensic images of the foregoing; and identify and purge any information or materials belonging to Ethicon.

31.     Ethicon's August 8 letter withheld from Intuitive (and, upon information and belief, from Mr. Szesterniak) that Ethicon had filed a motion for a temporary restraining order and noticed a hearing for August 11, 2016.[1]  The proposed restraining order sought a number of categories of equitable relief, including (i) an order prohibiting Mr. Szesterniak from working for Intuitive indefinitely; and (ii) an order directing the delivery to Ethicon of the Intuitive-issued computer Mr. Szesterniak has been using since his hire in July.

32.     Regardless of how the pending motions in Ohio are ultimately resolved, a declaration of the rights of Intuitive and Ethicon is necessary, including with respect to which jurisdiction's substantive law governs Intuitive's right to hire and employ Mr. Szesterniak, a California resident, to render services in California in light of claimed misconduct that is alleged to have occurred exclusively in California.

33.     Ethicon's conduct, including its demands that foreign courts apply foreign law to bar Mr. Szesterniak from working for Intuitive, threatens Intuitive's abilities to conduct its business and to attract and hire employees in California.  Ethicon's demand that Mr. Szesterniak deliver to it Intuitive's California-based property also clearly implicates Intuitive's rights and threatens its ability to maintain the integrity of its computer networks and, potentially, the security of its intellectual property.  Given Ethicon's past and current aggressive policing of the restrictive covenants contained in its standardized employment agreement, it is assured that this scenario will continue to be repeated unless and until curtailed by judicial order.

34.     As a California-based company employing a California resident to call upon California customers, Intuitive has the right to have its relationship with Mr. Szesterniak evaluated under California law.  That is so even though Ethicon has not named Intuitive as a party to the Ohio Action. Ethicon plainly seeks relief that affects a number of Intuitive's rights—including its rights

---

[1]     On the noticed date, the Ohio court continued the TRO hearing to a future date. Mr. Szesterniak has since moved to dismiss the complaint for lack of personal jurisdiction, on *forum non conveniens* grounds, and on the ground that Ethicon was not registered to do business in Ohio when it brought suit in the Ohio court.  Ethicon did not file an opposition to Mr. Szesterniak's motion to dismiss by the deadline set by the Ohio court and, as of the date of filing, still has not opposed Mr. Szesterniak's motion.  As of the date of this filing, the Ohio Court had not ruled on Ethicon's application for a TRO or Mr. Szesterniak's motion to dismiss.

and interests as a California employer, its right to pursue its business and client relationships in California free from interference, its right to control access to its physical and intellectual property, and others—based on claims made against a California resident relating to acts and omissions that are alleged to have occurred exclusively in California.

35. Absent a declaration that California law governs Mr. Szesterniak's employment with Intuitive, including as it relates to Mr. Szesterniak's obligations to Ethicon and Ethicon's ability to affect and interfere with Mr. Szesterniak's relationship with Intuitive, Ethicon will remain free to violate Intuitive and its employees' rights under California law.

### FIRST CAUSE OF ACTION: DECLARATION THAT INTUITIVE'S EFFORTS TO EMPLOY PERSONNEL IN CALIFORNIA BE EVALUATED BY CALIFORNIA LAW

36. Intuitive re-alleges and incorporates by reference the above paragraphs of this Complaint as though fully set forth herein.

37. Ethicon has brought suit against Mr. Szesterniak—a California resident who worked for Ethicon in California and has since been hired by Intuitive, a California-based company, to service customers within California—in Ohio, a forum in which neither Intuitive nor Mr. Szesterniak ever agreed to litigate, under laws bearing no nexus to either Intuitive's employment of Mr. Szesterniak or to Mr. Szesterniak's claimed misconduct, all of which is alleged to have occurred (and/or is speculated to possibly occur in the future) exclusively within California.

38. The claims at issue in Ethicon's Ohio Action—trade secrets misappropriation stated exclusively under a theory of inevitable disclosure, and enforcement of restrictive covenants on that basis or otherwise—are directly contrary to settled California law.

39. Ethicon's Ohio complaint seeks relief that will directly and substantially interfere with Intuitive's ability to employ California residents to render services in California as authorized by California law. Among other relief, Ethicon seeks injunctions, under Ohio law, prohibiting Intuitive from continuing to employ Mr. Szesterniak in California, and requiring Mr. Szesterniak to grant Ethicon access to Intuitive's devices located in California and the proprietary Intuitive information contained therein.

40. Intuitive respectfully submits that, as a California employer, and in the absence of some contrary agreement by Intuitive, the laws of the State of California govern Intuitive's ability to employ California residents to render services in California. Intuitive further respectfully submits that Ethicon (who itself employed Mr. Szesterniak in California) may not interfere with Intuitive's California business activities or relationships by invoking foreign laws to which neither Intuitive nor Mr. Szesterniak agreed, which bear no connection to the alleged conduct over which Ethicon purports to prohibit Intuitive's ability to hire and employ Mr. Szesterniak in California, and which are in fact directly contrary to established principles of California law and policy.

41. A substantial, immediate, and real controversy therefore exists between Intuitive and Ethicon regarding whether Intuitive may continue to employ Mr. Szesterniak, who has at all times (including during his tenure with Ethicon) been a California resident, to render services to Intuitive in California. A judicial declaration is necessary to determine the parties' respective rights.

42. Intuitive seeks a judgment declaring that it may continue to employ Mr. Szesterniak in accordance with California law and, to the extent Ethicon maintains that Mr. Szesterniak's alleged California conduct prohibits Intuitive from employing him in California, that Mr. Szesterniak's alleged actions be evaluated under California substantive law.

**SECOND CAUSE OF ACTION: DECLARATION OF NO MISAPPROPRIATION OF TRADE SECRETS UNDER CALIFORNIA LAW**

43. Intuitive re-alleges and incorporates by reference the above paragraphs of this Complaint as though fully set forth herein.

44. In its Ohio Action, Ethicon alleges that "[i]t is inconceivable that [Mr. Szesterniak] could fulfill [any role at Intuitive] without inevitably utilizing Ethicon's confidential and trade secret information." Ethicon goes on to speculate that such inevitable disclosure "would give Intuitive a significant and unfair competitive advantage in a highly competitive market." In other words, even as it declines to name Intuitive (a tacit admission that it has no evidence that any of its unspecified trade secrets or other confidential information have reached or actually will reach Intuitive), Ethicon contends that Intuitive may at some point misappropriate alleged Ethicon intellectual property.

45.     Ethicon is wrong on the law: it is well-settled that California does not recognize misappropriation by inevitable disclosure. Tellingly, Ethicon does not and cannot allege that Intuitive had any contact with, or otherwise engaged in any conduct relevant to, Mr. Szesterniak outside of California.

46.     Ethicon is also wrong on the facts: Intuitive has neither requested nor received from Mr. Szesterniak any allegedly confidential or trade secret Ethicon information. To the contrary, as set forth above, Intuitive required, as a condition of its offer to employ Mr. Szesterniak, that Mr. Szesterniak return all Ethicon information to Ethicon, not disseminate any such information to any Intuitive personnel or leverage the same for Intuitive's benefit, and certify compliance with the foregoing, which Mr. Szesterniak did.

47.     In addition, Intuitive took extensive measures to ensure that any information or materials arguably belonging to Ethicon were removed from Mr. Szesterniak's possession and sequestered or destroyed, such that there would be no chance that such information could even inadvertently reach Intuitive. For example, upon receipt of Ethicon's August 8 letter, Intuitive retained outside counsel to take possession of all devices issued by Intuitive to Mr. Szesterniak as well as Mr. Szesterniak's personal email accounts, Google Drive account, smartphone, laptop computer, and other devices potentially implicated by Ethicon's nebulous claims; create forensic images of the foregoing; and identify and purge any information or materials belonging to Ethicon.

48.     In light of Ethicon's allegations and its request that the Ohio court enter an injunction to prohibit Intuitive from employing Mr. Szesterniak solely on the basis of Ethicon's inevitable disclosure theory, a substantial, immediate, and real controversy exists between Intuitive and Ethicon regarding whether Intuitive has misappropriated any purported Ethicon trade secret or other confidential information. A judicial declaration is necessary to determine the parties' respective rights.

49.     Intuitive seeks a judgment declaring that Intuitive did not misappropriate any alleged Ethicon trade secret in connection with hiring and employing Mr. Szesterniak, within the meaning of applicable California law.

### THIRD CAUSE OF ACTION: DECLARATION OF NO MISAPPROPRIATION OF TRADE SECRETS UNDER FEDERAL DEFEND TRADE SECRETS ACT

50. Intuitive re-alleges and incorporates by reference the above paragraphs of this Complaint as though fully set forth herein.

51. In its Ohio Action, Ethicon alleges that "[i]t is inconceivable that [Mr. Szesterniak] could fulfill [any role at Intuitive] without inevitably utilizing Ethicon's confidential and trade secret information." Ethicon goes on to speculate that such inevitable disclosure "would give Intuitive a significant and unfair competitive advantage in a highly competitive market." In other words, even as it declines to name Intuitive (a tacit admission that it has no evidence that any of its unspecified trade secrets or other confidential information have reached or actually will reach Intuitive), Ethicon contends that Intuitive may at some point misappropriate alleged Ethicon intellectual property.

52. Ethicon is wrong on the law: the federal Defend Trade Secrets Act does not recognize misappropriation by inevitable disclosure.

53. Ethicon is also wrong on the facts: Intuitive has neither requested nor received from Mr. Szesterniak any allegedly confidential or trade secret Ethicon information. To the contrary, as set forth above, Intuitive required, as a condition of its offer to employ Mr. Szesterniak, that Mr. Szesterniak return all Ethicon information to Ethicon, not disseminate any such information to any Intuitive personnel or leverage the same for Intuitive's benefit, and certify compliance with the foregoing, which Mr. Szesterniak did.

54. In addition, Intuitive took extensive measures to ensure that any information or materials arguably belonging to Ethicon were removed from Mr. Szesterniak's possession and sequestered or destroyed, such that there would be no chance that such information could even inadvertently reach Intuitive. For example, upon receipt of Ethicon's August 8 letter, Intuitive retained outside counsel to take possession of all devices issued by Intuitive to Mr. Szesterniak as well as Mr. Szesterniak's personal email accounts, Google Drive account, smartphone, laptop computer, and other devices potentially implicated by Ethicon's nebulous claims; create forensic images of the foregoing; and identify and purge any information or materials belonging to Ethicon.

55. In light of Ethicon's allegations and its request that the Ohio court enter an injunction to prohibit Intuitive from employing Mr. Szesterniak solely on the basis of Ethicon's inevitable disclosure theory, a substantial, immediate, and real controversy exists between Intuitive and Ethicon regarding whether Intuitive has misappropriated any purported Ethicon trade secret or other confidential information. A judicial declaration is necessary to determine the parties' respective rights.

56. Intuitive seeks a judgment declaring that Intuitive did not misappropriate any alleged Ethicon trade secret in connection with hiring and employing Mr. Szesterniak, within the meaning of applicable federal law.

### FOURTH CAUSE OF ACTION: INTENTIONAL INTERFERENCE WITH EXISTING CONTRACTUAL RELATIONS

57. Intuitive re-alleges and incorporates by reference the above paragraphs of this Complaint as though fully set forth herein.

58. Effective on or about July 25, 2016, Intuitive, a California employer, and Mr. Szesterniak, at all times a California resident, entered into a contract pursuant to which Intuitive would employ Mr. Szesterniak, and Mr. Szesterniak would render services to Intuitive, in California.

59. Ethicon learned of the Intuitive-Szesterniak agreement at least as early as July 14, 2016, when Mr. Szesterniak tendered his resignation to Ethicon in Los Angeles, California and stated his intent to join Intuitive's Los Angeles workforce.

60. With knowledge of that contract and with intent to disrupt performance of the same, Ethicon took steps specifically designed to prevent performance of the Intuitive-Szesterniak contract and/or make such performance more expensive or difficult. For example, even as Ethicon concedes that Mr. Szesterniak at all times resided exclusively in California, that Ethicon employed Mr. Szesterniak to call upon its customers exclusively in California, and that Intuitive has since hired Mr. Szesterniak to render services exclusively in California, Ethicon brought suit in a non-California court (in which Mr. Szesterniak, let alone Intuitive, never agreed to litigate with Ethicon), asserting claims under foreign laws that are contrary to California law. Ethicon's foreign action seeks

- 13 -
COMPLAINT FOR DECLARATORY JUDGMENT, AND FOR MONETARY AND EQUITABLE RELIEF FOR INTENTIONAL INTERFERENCE WITH EXISTING CONTRACTUAL RELATIONS AND UNFAIR COMPETITION
CASE NO. 16-CV-4794

injunctive relief which, if granted, would harm Intuitive exclusively in California, such as by "prohibiting Szesterniak from working for Intuitive Surgical, Inc." in California.

61.     As a direct and proximate result of Ethicon's actions to disrupt performance of the Intuitive-Szesterniak Agreement, Intuitive has been harmed.  Among other injuries, Intuitive has had to restrict Mr. Szesterniak from interacting with customers on Intuitive's behalf, as well as incur the substantial burden and expense of investigating Ethicon's allegations.

62.     Ethicon's conduct was a substantial factor in causing such harm.

63.     Ethicon's conduct was willful and/or malicious, and/or manifested a knowing and reckless indifference to Intuitive's rights, thereby entitling Intuitive to an award of exemplary damages.

## FIFTH CAUSE OF ACTION: UNFAIR COMPETITION
### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

64.     Intuitive re-alleges and incorporates by reference the above paragraphs of this Complaint as though fully set forth herein.

65.     By seeking to prohibit Intuitive, a California-based company, from employing a California resident to render services in California on the force of alleged conduct that occurred exclusively in California on theories contrary to California law and fundamental public policy, Ethicon has engaged, and continues to engage, in unfair and unlawful trade practices as set forth herein.

66.     Ethicon engaged in these unfair practices to undermine Intuitive's ability to attract and employ California professionals and thus Intuitive's ability to effectively market its offerings in the California marketplace, in order to increase Ethicon's own gain.

67.     The acts at issue in this Complaint all occurred within four years preceding the filing of this Complaint.

68.     Ethicon has thus engaged in unlawful trade practices, as defined in and prohibited by California Business and Professions Code Section 17200, *et seq*.  Intuitive, California's labor pool, and the public at large have been injured as a result.

69.     As a direct and proximate result of such actions, Intuitive has suffered and continues to suffer injury in fact and has lost money and/or property as a result of such unlawful trade practices and unfair competition in an amount to be proven at trial.

70.     As a direct and proximate result of such actions, Ethicon has unlawfully enjoyed, and, unless judgment is entered in Intuitive's favor, will continue to unlawfully enjoy financial gain in an amount to be proven at trial. This unlawful gain stems, at least in part, from the unfair competitive advantage in attracting and/or retaining California professionals, and thus in promoting its products in the California marketplace, that Ethicon has achieved through the conduct set forth herein.

71.     Intuitive is entitled to and does seek a declaration that the above-described trade practices are unfair, unlawful, and/or fraudulent.

72.     Intuitive is further entitled to and does seek restitution of all monetary harms it incurred as a result of Ethicon's unlawful conduct.

73.     Intuitive is further entitled to and does seek an injunction prohibiting Ethicon from challenging in any foreign court or under foreign law Intuitive's ability to hire Mr. Szesterniak, a California resident, to render services to Intuitive in California, on the basis of claimed conduct that allegedly occurred in California.

## **PRAYER FOR RELIEF**

WHEREFORE, Intuitive respectfully prays for relief as follows:

(a)     That the Court enter judgment in Intuitive's favor on each cause of action;

(b)     That the Court declare that Intuitive's right and ability to hire and employ Mr. Szesterniak, a California resident, to render services to Intuitive in California be evaluated under California law;

(c)     That the Court declare that Intuitive has not, under California law, misappropriated any alleged Ethicon trade secret in connection with hiring and employing Mr. Szesterniak;

  (d) That the Court declare that Intuitive has not, under federal law, misappropriated any alleged Ethicon trade secret in connection with hiring and employing Mr. Szesterniak;

  (e) That the Court award Intuitive compensatory and restitutionary damages in an amount according to proof;

  (f) That the Court award Intuitive exemplary and punitive damages;

  (g) That the Court award Intuitive its costs of suit and attorney's fees pursuant to applicable statute;

  (h) That the Court award Intuitive pre-judgment and post-judgment interest at the maximum legal rate; and

  (i) That the Court issue such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Intuitive hereby demands a trial by jury as to all issues so triable in this action.

Date: August 19, 2016    Respectfully Submitted,

         SINGER / BEA LLP

         By:_____
          Adam S. Cashman
          Doug Tilley
          *Attorneys for Intuitive Surgical, Inc.*